IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DERRICK K. D.,[1] | : | Case No. 3:20-cv-00450 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in August 2018. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 17), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since July 20, 2018. At that time, he was thirty-nine years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(d). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10, PageID 61-66), Plaintiff's Statement of Errors (Doc. 13), and the Commissioner's Memorandum in Opposition (Doc. 17). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399,

406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence

3

supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S FINDINGS OF FACT

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since July 20, 2018, the alleged onset date.

Step 2: He has the severe impairment of multiple sclerosis.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work subject to the following limitations: no climbing of ladders, ropes, scaffolds, or stairs; no kneeling, crouching, or crawling; occasional balancing and stooping; frequent handling, fingering, feeling, and reaching; no foot or leg controls; no exposure to hazards such as unprotected elevations or dangerous moving machinery; no exposure to extremes of temperature; and the option to use a cane to walk, but with the

                        ability to use the contralateral upper extremity to lift and carry up to the sedentary exertional limits.

                        He is unable to perform any past relevant work.

Step 5:        Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10, PageID 61-68.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, PageID 68.)

## V.    LAW AND ANALYSIS

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence. (Doc. 13, PageID 477.) Specifically, Plaintiff argues that "the bulk of the evidence does not support a finding that [he] is capable of 'frequent handling, fingering, and reaching.'" (*Id.*) Plaintiff also argues that the ALJ erroneously failed to identify his cognitive disorder as a severe impairment. (*Id.*) Finally, Plaintiff argues that the ALJ should not have considered the vocational expert's testimony that he can perform sedentary jobs because the expert based her testimony on a flawed RFC. For the reasons discussed below, Plaintiff's Statement of Errors is without merit.

### A.    Applicable Law

A claimant's residual functional capacity (RFC) is the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is reserved for the ALJ. 20 C.F.R. § 416.946(c). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the

5

RFC assessment on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

At the second step of the sequential evaluation process, the ALJ considers the medical severity of a claimant's impairments. 20 C.F.R. 404.1520(a)(4)(ii). An impairment will be considered nonsevere "if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1522(b). Examples of basic work activities include:

> 1. Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> 2. Capacities for seeing, hearing, and speaking;
> 3. Understanding, carrying out, and remembering simple instructions;
> 4. Use of judgment;
> 5. Responding appropriately to supervision, co-workers and usual work situations; and
> 6. Dealing with changes in a routine work setting.

*Id.*

Finding a severe impairment at step two is considered a "*de minimis* hurdle," and "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted). However, an ALJ does not generally commit reversible error in finding that an impairment is nonsevere at step two if the following conditions are satisfied: (1) the ALJ found claimant has at least one severe impairment; and (2) the ALJ considered both the severe and nonsevere impairments at the remaining steps in the sequential evaluation process. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) (when a claimant has "at least one severe impairment, the ALJ must consider all impairments, severe and nonsevere, in the remaining steps").

### B. The ALJ's Determination That Plaintiff's Cognitive Impairment Is Nonsevere Is Supported By Substantial Evidence

Plaintiff argues that the ALJ should have classified his cognitive disorder as a severe impairment. The ALJ found that because Plaintiff's "medically determinable mental impairment causes no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere." (Doc. 10, PageID 63 (emphasis in original)); *see* 20 C.F.R 404.1520a(d)(1) ("If we rate the degrees of your limitation as "none" or "mild," we will generally conclude that your impairment(s) is not

7

severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.")

Substantial evidence supports the ALJ's finding that Plaintiff's cognitive impairment is nonsevere. Specifically, state agency reviewing psychologist Dr. Murry-Hoffman found that Plaintiff's cognitive impairment did not cause more than a mild limitation in any functional area. (Doc. 10, PageID 62.) She found that Plaintiff had only mild limitations in understanding, remembering or applying information and in concentrating, persisting or maintaining pace. (*Id.*, PageID 142.) She identified no limitations in Plaintiff's ability to interact with others and adapt or manage himself. (*Id.*) She therefore found that Plaintiff's neurocognitive disorder was nonsevere. (*Id.*) Since a reasonable mind might accept Dr. Murry-Hoffman's prior administrative medical finding as adequate to support the ALJ's finding that Plaintiff's cognitive impairment is nonsevere, that finding is supported by substantial evidence. *Biestek*, 139 S. Ct. at 1154.

Plaintiff challenges the ALJ's decision to reject the opinion of consultative examiner and clinical psychologist Dr. Alan Boerger, Ph.D. Following his examination, Dr. Boerger opined that Plaintiff "is likely to have some difficulty with maintaining attention, concentration, persistence and pace on work tasks" because "[h]e performed Serial Sevens slowly, made one subtraction error up until the response of 43 and was not able to complete the subtractions." (Doc. 10, PageID 390.) The ALJ noted these clinical findings, considered them with other evidence in the record, and found that Plaintiff had mild limitations in his ability to concentrate, persist, or maintain pace. (*Id.*, PageID 63.) Based on the evidence cited by the ALJ, this finding is supported by substantial evidence.

8

Dr. Boerger further opined that Plaintiff "*may* experience *some* difficulties with understanding and retaining instructions," and "is likely to have *some* difficulty with maintaining attention, concentration, persistence and pace on work tasks." (*Id*. (emphasis added).) He also opined that Plaintiff "*may at times* have difficulty with becoming overwhelmed by expectations of performing work of a complex nature or at a fast pace," and "*may* become frustrated by his memory and concentration difficulties." (*Id*. (emphasis added).) These statements shed little light on the question of whether Plaintiff's cognitive impairment is, or is not, "a slight abnormality that minimally affects [his] work ability." *Higgs*, 880 F.2d at 862.

The ALJ found Dr. Boerger's opinion unpersuasive because the limitations that he identified were non-specific. (Doc. 10, PageID 62.) Although Plaintiff argues that the ALJ should have sought clarification from Dr. Boerger, the ALJ was not required to do so. An ALJ is only required to contact a consultative examiner if a "report is inadequate or incomplete,"[2] *see* 20 C.F.R. § 404.1519p(b), not if an opinion is vague or nonspecific. *Baker v. Comm'r of Soc. Sec.*, No. 2:19-cv-4323, 2020 WL 2213893, at *8 (S.D. Ohio May 7, 2020) (Morrison, D.J.). Indeed, as a consultative examiner, Dr. Boerger did not need to provide ***any*** opinion about Plaintiff's limitations. 20 C.F.R. § 404.1519n(c)(6) ("the absence of a medical opinion in a consultative examination report will not make the report incomplete"). The ALJ therefore had no duty to contact him. *Dooley v. Comm'r of*

---

[2] A report is adequate if it "provides evidence which serves as an adequate basis for decisionmaking in terms of the impairment it assesses." 20 C.F.R. § 1519p(a)(1). A report is complete if it includes a claimant's chief complaints, history of the complaints, examination findings and any test results, diagnoses and prognoses, a medical opinion, and "some explanation or comment on" the major complaints and any abnormalities. 20 C.F.R. § 404.1519n(c).

9

*Soc. Sec.*, 656 F. App'x 113, 122 (6th Cir. 2016) ("[A] consultative examiner's report is not rendered incomplete by the absence of a statement about what a claimant can still do despite his limitations…. Because Dr. Yates's report was not inadequate or incomplete, the ALJ did not have to contact [her] for clarification.").

This Court's review of the evidence is narrowly circumscribed to one question: does substantial evidence support the ALJ's finding? If it does, then that is the end of the inquiry (unless, of course, there is an allegation that the ALJ did not comply with the applicable rules and regulations). The Court is not authorized to re-weigh the evidence or decide that a preponderance of the evidence would lead to a different result. Therefore, because there is substantial evidence that supports the ALJ's finding that Plaintiff's cognitive impairment is nonsevere, that finding must be affirmed.

### C. The ALJ's Determination That Plaintiff Can Frequently Handle, Finger, And Reach Is Supported By Substantial Evidence

Plaintiff also argues that the ALJ's finding that he can frequently handle, finger, and reach is not supported by substantial evidence. (Doc. 13, PageID 481-82.) Plaintiff challenges the ALJ's failure to credit the results of a functional capacity evaluation (FCE) conducted by consultative examiner Dr. Anthony Jacob, M.D., who opined that Plaintiff is unable to frequently handle, finger, and reach with his left hand. (Doc. 10, PageID 453-59.) Given the narrow scope of this Court's review, this argument is not well-taken.

The Court will first address conflicting information in the record about the date of the FCE. The ALJ found Dr. Jacob's opinion unpersuasive, in part, "because it predates the single examination Dr. Jacob performed on March 16, 2020." (Doc. 10, PageID 66.)

10

The FCE assessment form that Dr. Jacob attached to his report was signed and dated on March 4, 2020. (*Id.*, PageID 459.) In his report, however, Dr. Jacob stated that he conducted the FCE and wrote his report on March 16, 2020. (*Id.*, PageID 453.)

The Court finds that the only reasonable inference from this evidence is that Dr. Jacob made a mistake when he stated, in his report, that he conducted the FCE on March 16, 2020. Indeed, the ALJ stated elsewhere in her report that Plaintiff "had a functional capacity evaluation consultation by Anthony Jacob, MD on March 4, 2020." (Doc. 10, PageID 66.) The ALJ's contrary finding—and one of her stated reasons for discounting Dr. Jacob's opinion—is not supported by substantial evidence.

Nevertheless, the ALJ's finding that Plaintiff is capable of frequent fingering, handling and reaching is supported by substantial evidence. In May 2018, four months after starting a new medication, Plaintiff's left handgrip strength was 5- and he reported "that the previous numbness in his left hand [had] completely gone away." (Doc. 10, PageID 338, 343.) Plaintiff's left handgrip strength was still 5- in November 2018. (Doc. 10, PageID 398-99.) Plaintiff's complaints of left-hand numbness (*e.g., id.* at PageID 401) were intermittent and appeared to improve at times. (*Id.*, PageID 340, 368, 372, 392.) Even Dr. Jacob, who opined that Plaintiff would be entirely incapable of grasping, turning, twisting with his left hand or reaching with his left arm, found that Plaintiff's strength on his left side was 3+ or [sic] 5. (*Id.*, PageID 456.)

Again, the question before this Court is not whether it would weigh the evidence differently. Instead, it is whether substantial evidence—which is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"—

11

supports the ALJ's factual findings. *Biestek*, 139 S. Ct. at 1154 (internal quotations and citation omitted). Because the record contains relevant evidence that a reasonable mind might accept as adequate to support the ALJ's conclusion that Plaintiff can frequently finger, handle and reach, the Court concludes that the ALJ's finding is supported by substantial evidence and must be affirmed.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 13) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

                                              */s/ Caroline H. Gentry*
                                              Caroline H. Gentry
                                              United States Magistrate Judge